We'll hear one more case before the break. Royal Palm Properties v. Pink Palm Properties. Darrell Schneider is here for the appellate Pink Palm, and Robert Hauser is here for the Mr. Schneider, you may begin when you're ready. Good morning, Your Honor.  In 1985, this court on Bank adopted a test to determine who is the prevailing party. It's called the Central Issue Test. Four years later, the United States Supreme Court in Texas Teacher Association v. Garland resolved a difference of opinion among the circuits and said the Central Issue Test is too narrow, expressly referring to the decision of this court as well as the decision of the Fifth Circuit on the Central Issue Test. In that Garland decision, Supreme Court said the test was too narrow and that a broader test applies to all federal fee-shifting statutes. It also rejected the subjective analysis, what was important to the parties. It took a more objective approach. Thirty-something years later, in 2021, the district court went back to the Central Issue Test. We believe that is error as a matter of law, it should be reversed. Even though we might think that he got the decision right ultimately, there might be a hiccup in his analysis, but if he got it right, we could still affirm. Always. Okay. All right. Let's look at what really happened here. Plaintiff walked into court. I'm following the analysis in the Garland case and in the case it cites. Plaintiff walked into court with more than a million dollar claim and asking for an injunction based on a trademark. Plaintiff left with zero. No money, no injunction, no infringement. Defendant did not walk into court asking for anything. Defendant was dragged into court as a defendant. Satisfactory . . . Yeah, but defendant filed a counterclaim. Yes, sir. And lost. In one moment. And both parties lost, so neither party prevailed. Well, that's the issue where I respectfully disagree. If you follow this court's decision in Sherry Towell, which is also cited in our brief, the defendant did prevail because on related counterclaims, which is what they were, Sherry Towell says that when the plaintiff loses on its complaint, it happened to be a patent case, and the defendant doesn't win on all its counterclaims, but as long as they're related, the defendant is still a prevailing party. Isn't the counterclaim that you won on here basically a mirror image of the trademark infringement claim that Royal Palm lost on? I mean, why isn't it really the same thing? It is after the fact. It wasn't at the time it went to the jury because no one knew what the jury was going to . . . If there was a general verdict, I would agree with that, but because it was . . . We didn't know that when we filed the counterclaim. Here, the jury said, okay, there is no infringement. That's what made it the mirror image. In addition, because of the . . . Why does that matter? I mean, aren't we looking at what you achieved? What each side achieved or didn't achieve? Yes. Why does it matter what you might have thought it was before the jury ruled on it? The nuances of at least trademark law put a defendant in a position where they must assert this counterclaim. The case law does not say that in that situation, a defendant should be penalized for winning on a mirror image. But you did not prevail on the counterclaim. Prevailed on that counterclaim only, the non-infringement counterclaim. Did not prevail on the invalidity counterclaims. You didn't prevail. They didn't prevail on the claim. Neither party is a prevailing party. You want us to send it back and tell Judge Middlebrook, you got to pick a winner. Pick one. Right? Your Honor, I believe that . . . He could pick . . . I mean, he could pick Royal Palm if we sent it back. If we sent it back and said, you got to pick a winner. Could he do that? Could he? I've learned a long time ago, Your Honor, that a federal judge can do anything. I don't know if you're correct. The Eighth Circuit's analysis, to me, seems to be a better analysis than the Federal Circuit's analysis. If there's a dead heat, then neither party can be declared the prevailing party. Rather than send it back to the judge who's been with this case from the very beginning and has heard all the evidence and has considered it on revand and he knows better than we are whether or not there's a prevailing party. Why should we adopt the Federal Circuit standard instead of the Eighth Circuit standard? What Supreme Court case are you referring to? Garland and the case at sites on pages eighteen and nineteen of our principle brief. You're talking about prevailing party? Yes. Let me ask you a more preliminary question. What do you think the standard of review here is and what are you basing that on? Do you cite the authority that says prevailing party is an issue of law, which is reviewed de novo? The reason I'm asking is it seems as though we have some conflicting law on that. We have a case called Ruffin v. Great Dane Trailers, which is from 1992 and there we held that the district court abused its discretion in determining that Ruffin was not a prevailing party. It's possible that it abused its discretion by making an error of law, but it does talk about abusing its discretion. It appears perhaps that that might be the earliest of the cases that discuss this issue from our circuit. If that's so, then we are required under our prior precedent rule to follow that one as the earliest iteration of the rule. As I said, maybe in saying it abused its discretion, it meant that it got the law wrong. I don't know. That's why I'm asking you about this. Your Honor, abuse of discretion is one of the ways that a judge can commit an error of law. Absolutely. The other one is clearly erroneous fact findings. If that's the case, then where does the abuse of discretion... I mean, if all that we were concerned about in determining whether a party was a prevailing party was whether they got the law right or wrong, then you're right. You would have said de novo, but we said abuse of discretion. You're right that getting the law wrong is a way to abuse discretion, but maybe there's something else. Maybe there's another component to this and that's why we said in 1992 that it's an abuse of discretion standard of review. All I can say to that, Your Honor, is I have found no case that says that if you lose on your counterclaims, you're disqualified from being the prevailing party. Plain and simple. I have not found any such case in this circuit or in the Supreme Court. That's the best we can say for the plaintiff here. I guess I'm trying to figure out what you think abuse of discretion refers to in that case, which I think may be the oldest case we have on this issue. When the court said the district court abused its discretion in determining that Ruffin was not a prevailing party. I mean, it cannot possibly be that in determining whether a party is a prevailing party, we solely consider a legal decision because if that's the case, then it would have to be de novo review, right? Yes. Okay. There must be something more. I guess what I'm asking you is what do you think the something more is? I don't know because I am not familiar with that case for which I apologize. That's okay. One other thing I would like to briefly address. Royal Palm has asked for attorney's fees with a concurrent motion in this case. A good friend and I happen to agree on res judicata. That is not an issue. We have never said that a claim can be raised again for invalidity of the trademark. Period. What we are saying is that the factors that we relied on for invalidity can be addressed on an ancillary issue. The ancillary issue being prevailing party exceptional case attorneys. That's a huge difference. A lot of things you cannot litigate again. They cannot be the basis of a cause of action but the evidence doesn't go away. It may be related to another issue. In fact, should there be another dispute between these parties some years from now unrelated to trademarks and the credibility becomes an issue. The same facts as to what was and was not said to the trademark office can be brought in to evidence lack of credibility. Not as a basis to challenge a trademark. There is no preclusion here from the facts. There is no preclusion from the evidence. As long as it relates to an ancillary matter which is the only reason it is in our brief and I would like to reserve the remainder of my time. Thank you. All right. Thank you Mr. Schneider and Mr. Houser. You may present your argument.  Good morning. May it please the court and counsel. My name is. Let me ask you. Sorry. I didn't mean to interrupt you when you were getting ready to say your name. Go ahead and then I will ask my question. I am Robert Houser from West Palm Beach and my client is the Appellee Royal Palm Properties LLC. Okay. Thank you. My question is in state court when a judge makes a mistake or cites the wrong law but gets the result right. We call it the tipsy coachman theory and you can affirm on that. Do you believe that here in federal court and in this case in particular this court can do the same thing? I do. Tell me why. There's no reason to send a case back to the federal judge to do exactly what he's already done and told you why he thinks it's the right decision. I don't actually think that he . . . I realize that he used the word central issue somewhere in his order but if you read his order as a whole, he's following the cases that my opponent says control and I agree those cases control and I can't even find a difference that's really significantly different than our state court prevailing party test. There was a prevailing party on the claim in principle, the claim in chief. It wasn't us and there was a prevailing party on the very significant counterclaim that would have put my client's trademark out of business. He would have lost his trademark not just for purposes of Ms. LeCavalier's company, the appellant. He would have lost his trademark against the outside world and before the previous appeal in this courtroom, before that case, Judge Middlebrooks mailed an order to the U.S. Patent and Trademark Office that said we lose our trademark. That was a big deal. It was a significant issue. We even argued that it was the significant issue. The only thing that matters today is that it is a significant issue which at least in the eyes of the district judge weighed as much as our offensive claim against them and he said, actually he copied out of the Judge Newsom opinion, split the baby. This is a split the baby and the judge had discretion to define that. In answer to the point that Judge Rosenbaum was making, it has to be some form of discretion because we have these federal judges in the field, on the ground watching with their own eyes. What is the significance of the claim to the parties from a business perspective? That's an objective issue. How much litigation in front of that federal judge was devoted to Issue A or Issue B for purposes of significance? How much judicial labor was devoted to Issue A or Issue B? Those things are all in the federal judge's brain on the ground, in the field deciding a significant issue under the test that really does apply. This judge did that and so he said everybody go home. Well, he did cite a few times to the material alteration test, so I think that was also considered, at least it appears to me, to be that way and I take it that's your position as well. Right. In those terms, we tried to do something to change the legal relationship and failed and they tried to do something different, which was to take away the entire trademark of an issue and they failed.  No prevailing party in the eyes of the judge. It has to be abuse of discretion for logical reasons that I just articulated. He didn't abuse his discretion and he found some cases, we might have provided them to him, I don't remember. He found some federal cases that said you don't always have to find a prevailing party in a claim-counterclaim system and I think my opponent is asking the panel to hold that there always must be a prevailing party even in a fairly even claim-counterclaim system and I don't understand why would judges make up a rule like that. There's times when there should be no prevailing party and everybody should go home. There's a considerable amount of discretion that is afforded to the district judge with regard to an award of attorney's fees and costs to a prevailing party. If we send it back and if we accept their argument and send it back and say, you have to pick a winner, you have to determine a prevailing party, could the court say, well, Pink Palm is the prevailing party but I'm going to exercise my discretion not to give you any fees or costs? Yes. Yes. That's the one on fees that I remember off the top of my head is the Jelly Beans case. In Jelly Beans, this court decided and Judge Middlebrooks relied on that in his decision and the Jelly Beans case is telling us what Judge Middlebrooks is thinking. By citing that case, he's saying, even if I thought that this was some vexatious case, I could decline in my discretion to award fees. The answer to Your Honor's question is yes, he could decline but the tone of his order is telling us . . . Would that constitute an abuse of his discretion? No, because he's relying on this court saying he has the right to do that, weighing the equities. Now, could it be totally unreasonable? No, of course not. I think it would be possible in an extreme case to make an argument that a federal judge abused his discretion and that there's somebody out there who was just a rotten litigant who cheated in discovery, who lied on their discovery responses, who held back documents until the last minute, who was obstructive, evasive. If all that's in the record, those are the kinds of behaviors that sometimes could convince an appellate court that a trial judge abused his discretion. What is so ironic here is that the litigant here who was naughty and who did not follow the rules and evaded discovery and made this case much more difficult, agonizingly more difficult than it really needed to be because the substantive law of trademark infringement is really simple. It's a basic, basic case that could have been put on and . . . We took the position on remand from the Judge Newsom opinion that we were the prevailing party because we argued that the significance of having a trademark, just like the significance of having real property is more important than one instance of infringement. Is it too late if we sent it back? Could you ask for fees and costs? I suppose, but we don't want to do that. We want to go home. When the jury ruled as it did, split the baby, we thought the case was over. When the Eleventh Circuit ruled reinstating the patent, sorry, the service mark, we thought the case was over. When Judge Middlebrooks ruled that it was a split the baby case, we thought the case was over and I guess it's not over. It's not over until three more judges tell us that it's over with a split result. If there's no more questions, I guess I need to talk a little bit about fees. I think as a matter of law, this can't be an exceptional case because first of all, my client on remand from the previous Eleventh Circuit appeal did prove that he has an enforceable mark. If he's got an enforceable mark, he made a prima facie case below, he got through summary judgment, he got all the way to the jury. Nobody knows why the jury found lack of infringement. As a matter of law, the appellant asking you to come in and say not only did Judge Middlebrooks err but he has to award fees, that just doesn't make any sense under our appellate system of review. Go ahead. I fully agree that as a practical sense and common sense matter, if there's no prevailing party, there's no prevailing party and that can be the case. The argument that's made by one of the federal circuit is that the statute refers to the prevailing party and that that signals that there must be one prevailing party in all cases. I wonder if you could speak to that a bit as to why . . . I guess two solely to the possibility of one prevailing party and two, if they do, why that doesn't matter? I think it's the prevailing party on a claim or a counterclaim. It makes perfect sense even consistent with that text that there can be a prevailing party on the claim and a prevailing party on the counterclaim or the gist of the counterclaim and those things sometimes offset. I invite the court to consider the consequences of the federal circuit's ruling, that you'd have to arbitrarily pick somebody even in a true situation where the equities and the factors in the judge's mind are equal. That does not make any sense. I was going to say that it's better to read the statute to say that you're entitled to attorney's fees and costs if you're the prevailing party. In other words, if both parties in this case was the prevailing party whereas here neither party was the prevailing party. That's another good way to look at it. It appeared to us that trial courts in the Eleventh Circuit and we found two Georgia courts that were also splitting the baby. It appears to me that the practice in the Eleventh Circuit as understood by district judges is that they have the freedom to do that and that is a logical and reasonable way to handle this issue when there are significant claims and significant counterclaims especially if they're not compulsory. My opponent is not contending this is a compulsory counterclaim. Unless there are questions, I'm going to take my seat and thank the court. I urge the court to affirm so we can all really go home for the fourth time. Thank you, Mr. Hauser. Mr. Schneider, you've reserved some time for rebuttal. Thank you. The prevailing party means there should be a prevailing party. There is no prevailing party in this case. I understand the concept that each party prevailed on something and maybe the judge should have said defendant prevailed on the complaint, plaintiff prevailed on the counterclaim. I have two prevailing parties. Now, I'm going to look at exceptional case. I'm going to see all the things that each side did right and all the things that each side did wrong and determine if in my discretion I'm going to award attorney's fees, costs or anything else but that didn't happen. Here, if you look at all the things that occurred from the beginning of the case, you will find one thing that the defendant did wrong. I made an error in some discovery responses. The late Judge Brannon awarded attorney fees which I paid personally. My client had nothing to do with that mistake. Judge Middlebrooks used that as a basis for saying that there would, independent of the prevailing party issue, there would be no attorney fee award. That's like double counting or double penalizing my client. Everything else that happened from the border on perjury and on and on and the gamesmanship with the damages to avoid summary judgment and claiming damages from a real estate commission from a client that fired the plaintiff and that There is enough that makes this an exceptional case regardless of whether or not you agree with me that the defendant is the prevailing party. Now, what percent of attorney's fees Judge Middlebrooks should award, that is up to the discretion. Clearly, this is an exceptional case. A case that never should have been brought when all the defendant did was have a link on the website and if you clicked on the link, you would find houses for sale in Royal Palm. Plaintiff had no evidence of confusion, no evidence of a strong mark, not a single person in that gated community of 700 people ever came to plaintiff and said, look what's going on here. To the contrary, plaintiff admitted there's no dispute whose website you're on when you're on the defendant's website. This was a strike suit, a strike suit by a plaintiff who has gone after every up-and-coming competitor and has never yet prevailed on the merits of their claim. They lost one on a preliminary injunction and quickly settled. They lost another on the merits, appealed in the state court and lost and there were four others. They've never prevailed. It is time for this court to say to the plaintiff Royal Palm, this is enough. Thank you, Your Honor. All right. Thank you, Mr. Snyder and Mr. Hauser. The court will be in recess for 15 minutes.